TAD/DG:AJE
F. #2021R00826

**Filed: February 14, 2022**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

AMANDA HON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR-22-60**
(T. 18, U.S.C., §§ 371, 982(a)(7),
982(b)(1), 1349 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

**Judge LaShann DeArcy Hall**
**Mag. Judge Ramon E. Reyes, Jr.**

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.     Background

    A.     The Medicare and Medicaid Programs

        1.     The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.     Medicare was divided into multiple parts. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare. Medicare beneficiaries could obtain Part D benefits in two ways: (a) by joining a prescription drug plan, which covered only prescription drugs, or (b) by joining a Medicare Advantage Plan, which covered both prescription drugs and medical services (collectively, "Part D Plans"). These Part D Plans were

operated by private companies, often referred to as drug plan "sponsors," that were approved by Medicare.

3.  The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were similarly referred to as Medicaid "beneficiaries."

4.  In New York State, Medicaid provided coverage to its beneficiaries for prescription drugs. Medicaid beneficiaries could obtain their prescription drug benefits from pharmacies either through "fee-for-service" enrollment or through "Medicaid Managed Care Plans," which were administered by private insurance companies that were paid by Medicaid.

5.  As part of their insurance benefits, some Medicare and Medicaid beneficiaries received a certain amount of credit per month that could be spent on eligible over-the-counter ("OTC") non-prescription items such as analgesics, diabetes supplies, antihistamines, weight management supplies, sleep aids, vitamins, toothpaste, durable medical equipment and other items. The monthly OTC credit was pre-loaded onto debit cards known as "over-the-counter cards" or "OTC Cards," which were issued to beneficiaries by the plan sponsors. Any funds that were not used by the end of the month were forfeited, and the OTC Cards were reloaded each month with refreshed funds. Pharmacies generally dispensed OTC benefits to beneficiaries by swiping the OTC Cards, like debit cards, through an electronic payment system.

6.  Medicare, Part D Plans, Medicaid and Medicaid Managed Care Plans each qualified as a "health care benefit program," as defined by Title 18, United States Code, Section

2

24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

B. The Defendant and Relevant Entities

7. The defendant AMANDA HON was a pharmacist who was licensed by the State of New York and resided in Brooklyn, New York and Freehold, New Jersey.

8. Pharmacy 1 and Pharmacy 2, companies the identities of which are known to the Grand Jury, were pharmacies located in Brooklyn, New York (together, the "Scheme Pharmacies"). Pharmacy 1 was registered as a pharmacy establishment with the State of New York since approximately September 2008, and Pharmacy 2 was so registered since approximately March 2016. The defendant AMANDA HON was an owner and officer of the Scheme Pharmacies. HON also was the supervising pharmacist of Pharmacy 1 in or about and between September 2008 and August 2010.

9. Florence Mui was the supervising pharmacist at Pharmacy 1 in or about and between December 2012 and November 2020.

10. Clinic 1, an entity the identity of which is known to the Grand Jury, was a medical practice located near the Scheme Pharmacies in Brooklyn, New York.

11. Jian Ai Chen was an employee of Clinic 1.

12. Individual 1, an individual whose identity is known to the Grand Jury, was listed as an owner and officer of the Scheme Pharmacies in registration materials with the New York State Board of Pharmacy, but Individual 1 was generally not involved in the operations or decision-making of the Scheme Pharmacies. Individual 1 was Jian Ai Chen's former spouse.

13. Doctor 1, an individual whose identity is known to the Grand Jury, was a physician who worked at Clinic 1 in or about and between at least 2019 and 2021.

14. Company 1 and Company 2, entities the identities of which are known to the Grand Jury, were supermarkets located near the Scheme Pharmacies in Brooklyn, New York.

15. Company 3, an entity the identity of which is known to the Grand Jury, was a company owned by a relative of Doctor 1.

II. The Health Care Fraud and Kickback Scheme

16. In or about and between approximately January 2010 and January 2021, the defendant AMANDA HON, together with others, agreed to execute and executed a fraudulent scheme at the Scheme Pharmacies whereby claims were submitted to Part D Plans, Medicaid and Medicaid Managed Care Plans that were procured by the payments of bribes and kickbacks and for drugs that were not actually dispensed to beneficiaries.

17. In particular, the defendant AMANDA HON, together with others, agreed to pay, and caused to be paid, kickbacks and bribes: (a) to customers in exchange for the ability to bill their insurance for pharmaceutical products; and (b) to individuals associated with Clinic 1, including Jian Ai Chen and Doctor 1, in exchange for the referral of beneficiaries to the Scheme Pharmacies. HON, together with others, further agreed to submit and caused to be submitted false and fraudulent claims to Part D Plans, Medicaid and Medicaid Managed Care Plans for dispensing prescription drugs that were: (a) not eligible for payment by Medicare and Medicaid because, inter alia, they were dispensed in connection with the payment of kickbacks and bribes; and (b) never dispensed to customers.

18. In order to generate business and retain customers, the defendant AMANDA HON, together with others, agreed to offer and pay kickbacks and bribes to Medicare and Medicaid beneficiaries in exchange for the ability to bill those beneficiaries' insurance plans for dispensing prescription drugs. These kickbacks and bribes included, among other things, cash and so-called "coupons," which were gift certificates and gift cards to local supermarkets.

4

19. In furtherance of the scheme, the defendant AMANDA HON, together with others, purchased and directed employees of the Scheme Pharmacies to purchase gift certificates by writing checks drawn on the Scheme Pharmacies' bank accounts and made payable to local supermarkets, including Company 1 and Company 2. Employees of the Scheme Pharmacies also provided cash bribes and kickbacks to beneficiaries in exchange for swiping a beneficiary's OTC Card, even though no actual OTC item or product was provided to the beneficiary.

20. In or about and between approximately January 2012 and January 2021, the Scheme Pharmacies paid approximately $5 million for gift certificates to supermarkets located near the Scheme Pharmacies.

21. In addition, the defendant AMANDA HON, together with others, agreed to pay individuals to induce them to refer beneficiaries to the Scheme Pharmacies. In particular, payments were made from the Scheme Pharmacies' bank accounts to, among others, Individual 1 and Company 3 for the benefit of Jian Ai Chen and Doctor 1, respectively.

COUNT ONE
(Conspiracy to Commit Health Care Fraud)

22. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between January 2010 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AMANDA HON, together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud Part D Plans, Medicaid and Medicaid Managed Care Plans, all health care benefit programs, as that term is defined under Title 18, United States Code, Section 24(b), and to obtain, by means of one or more materially false and fraudulent pretenses,

representations and promises, money and property owned by, and under the custody and control of, Part D Plans, Medicaid and Medicaid Managed Care Plans, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551, et seq.)

## COUNT TWO
(Conspiracy to Offer and Pay Health Care Kickbacks)

24. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between January 2010 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AMANDA HON, together with others, did knowingly and willfully conspire to offer and pay kickbacks, directly and indirectly, overtly and covertly, in cash and in kind:

(a) to persons to induce such persons to refer Medicare and Medicaid beneficiaries to the Scheme Pharmacies for the furnishing and arranging for the furnishing of services and items for which payment may have been made in whole and in part under Part D Plans, Medicaid and Medicaid Managed Care Plans, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(A); and

(b) to persons to induce such persons to purchase, lease, order, and to arrange for and recommend purchasing, leasing and ordering services and items for which payment may have been made in whole and in part under Part D Plans, Medicaid and Medicaid Managed Care Plans, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(B).

6

26. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant AMANDA HON, together with others, committed and caused the commission of, among others, the following:

### OVERT ACTS

(a) On or about May 7, 2014, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 2 in the amount of $10,000.

(b) On or about April 18, 2018, a check was written from a bank account held in the name of Pharmacy 2 and made payable to Individual 1 in the amount of $83,953.

(c) On or about December 7, 2018, a check was written from a bank account held in the name of Pharmacy 2 and made payable to Company 1 in the amount of $5,000 bearing the memo note "coupon."

(d) On or about February 10, 2020, HON and Florence Mui exchanged text messages in which they discussed, in substance and in part, cataloging the supermarket gift certificates at Pharmacy 1.

(e) On or about April 8, 2020, HON and Florence Mui exchanged text messages in which they discussed that Pharmacy 1 ran out of gift certificates for Company 1.

(f) On or about July 30, 2020, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 3 in the amount of $3,000.

(g) On or about August 2, 2020, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $8,000 bearing the memo note "coupon."

(h)     On or about August 3, 2020, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 1 in the amount of $6,000 bearing the memo note "coupon."

(i)     On or about August 6, 2020, a check was written from a bank account held in the name of Pharmacy 2 and made payable to Company 1 in the amount of $9,000, bearing the memo note "coupon."

(j)     On or about September 4, 2020, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 3 in the amount of $28,932.

(k)     On or about September 18, 2020, a check was written from a bank account held in the name of Pharmacy 1 and made payable to Company 3 in the amount of $30,728.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

27.     The United States hereby gives notice to the defendant that, upon her conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

28.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____ /AJE
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

9

F.#: 2021R00826

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

AMANDA HON,

Defendant.

# INDICTMENT

(T. 18, U.S.C. §§ 371, 982(a)(7), 982(b)(1), 1349 and 3551 et seq.; T. 21, U.S.C. § 853(p)))

*A true bill.*

_____
Deputy Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

*Andrew Estes, Trial Attorney (718) 254-6250*